### KROUT *v.* J. L. HUDSON CO.

MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—VACCINATION—COURSE OF EMPLOYMENT—LIABILITY OF EMPLOYER.

Where claimant, with her consent, was vaccinated, with other employees of defendant, by an official of the Detroit board of health, at the request of the board, an infection resulting from such vaccination did not arise out of her employment so as to render her employer liable under the workmen's compensation law.

Certiorari to Industrial Accident Board. Submitted January 15, 1918. (Docket No. 67.) Decided March 27, 1918.

Ida M. Krout presented her claim for compensation against the J. L. Hudson Company for injuries received in defendant's employ. From an order awarding compensation, defendant and the Globe Indemnity Company, insurer, bring certiorari. Reversed.

*Douglas, Eaman & Barbour,* for appellants.

*Edward A. Rich* (*Russell L. Freyman,* of counsel), for appellee.

BROOKE, J. For some time prior to February 8,

1916, claimant was employed as a fitter for the J. L. Hudson Co., respondent. On that day a general vaccination of the employees of the J. L. Hudson Co. was performed by Dr. James A. McVeigh, an official of the board of health of the city of Detroit, who acted in the premises at the request of the board of health. He testified that the request of the board of health was communicated to the officers of the J. L. Hudson Co., and those officers through subordinates conveyed the same to the several departments. He said:

"*A.* It was not an order, but a request for their co-operation.
"*Q.* For the co-operation of who?
"*A.* The J. L. Hudson Company to prevent the possibility of smallpox in their institution.
"*Q.* What alternative was offered by the board of health in the event any employee did not wish to be vaccinated?
"*A.* Following our usual procedure in such cases I told them that if any employees who had not been successfully vaccinated, if they were not successfully vaccinated within five years should be excluded from the place of employment for a period to twenty-one days. * * *
"*Q.* In the event that they refused to be vaccinated what was the remedy of the J. L. Hudson Company?
"*A.* The alternative was a twenty-one day lay-off covering the period of incubation of smallpox."

Claimant, together with several hundred other employees, submitted to the operation. It is her claim that within half an hour after the operation she felt pain in her arm extending upwards into her neck, and that this condition continued for four days when she was obliged to discontinue work. Two days later, on February 14, she called a physician who diagnosed her trouble as "acute mastoiditis, lymphatic infection."

He operated upon her on the 19th. Claimant remained in the hospital some two or three weeks and was convalescent for a considerable period thereafter.

No notice of the accident was served upon respondent and no formal claim for compensation ever made by claimant until January 19, 1917. It is undisputed, however, that the respondent knew of claimant's illness and that one of the nurses connected with the welfare department of the respondent called upon her at her home during her said illness. It is likewise undisputed that some time in June, 1916, claimant called upon the manager of the respondent for the purpose of ascertaining "if they could not do something for me, or what they could do for me."

As a result of this interview claimant was paid two weeks' salary, which, we gather from the record, was in accordance with the usual custom of the respondent company. Respondent having denied liability, an arbitration followed and an award was made, which, upon appeal to the industrial accident board, was affirmed.

Respondent reviews the case in this court asserting that:

"(1) Claimant's injury was not accidental.

"(2) Claimant failed to sustain the burden imposed upon her of showing that the alleged accidental injury arose out of and in the course of her employment.

"(3) Claimant has not discharged the burden of showing that the alleged accidental injury was the cause of her disability."

While Dr. McVeigh, who had himself vaccinated approximately 100,000 persons, testified that he never knew or heard or read of a case of acute mastoiditis being caused by vaccination, it was the opinion of Dr. Williams, claimant's family physician, that the mastoiditis was the result of a lymphatic infection, the germ of which, streptococcus or pneumococcus, found entrance to the system through the vaccination. Asked what he meant by an infected vaccination, he said:

"Any open wound or sore exposed to the air, infection from clothing or any surroundings is liable to become infected. What I mean by that is, a man cut-

ting a corn and wearing a black sock is liable to get streptococcus or pneumococcus."

Assuming, then, as found by the board, that the mastoiditis was caused by the invasion of the germs through the vaccination wound (though the testimony contained in the record seems strongly to discredit this theory), there is still an absolute lack of evidence tending to show that the germ secured lodgment in claimant's arm in the course of her employment. In this respect the case is distinguishable from *Blaess* v. *Dolph*, 195 Mich. 137, and *Dove* v. *Leather Co.*, 198 Mich. 132. See, also, *Chandler* v. *Railway Co.*, 5 B. W. C. C. 254; *Bellamy* v. *J. Humphries & Sons*, 6 B. W. C. C. 53.

It seems quite clear to us that claimant has failed to show any connection between her employment in the store of respondent and the infection following vaccination. There was nothing in her employment which made her more susceptible to the reception of the germ infection than if she were walking upon the street or attending a theatre or church. In other words, the risk of infection was such and such only as that to which the general public is exposed. Claimant's injury, if it can be traced to the vaccination, arose not out of her employment with respondent, but through the active agency of the Detroit board of health, which, for the benefit of the claimant as well as for the benefit of the general public, requested her to submit to the operation. The right of the board of health to insist upon general vaccination is not involved. Claimant submitted to the operation though she asserts "under protest."

We are not here passing upon the sufficiency of the notice of injury or the claim for compensation.

The award is set aside.

OSTRANDER, C. J., and BIRD, MOORE, STEERE, FELLOWS, and STONE, JJ., concurred. KUHN, J., did not sit.