[Civ. No. 3875. Second Appellate District, Division Two.—January 18, 1923.]

HAROLD L. TREAT et al., Appellants, v. LOS ANGELES GAS & ELECTRIC CORPORATION (a Corporation), Respondent.

[1] NEGLIGENCE—DEATH OF MINOR CHILD—SUPPORT OF PARENTS—ACTION FOR DAMAGES—RECOVERY UNDER WORKMEN'S COMPENSATION ACT.—In an action by parents against an employer to recover damages for the death of a minor son from injuries received while engaged in a work which both arose out of and in the course of his employment, an allegation in the *ad damnum* clause of the complaint that said minor child was "contributing" a specified sum per week "to the support of the plaintiffs" shows that the plaintiffs were dependent upon said minor child; and in such an action the provisions of the Workmen's Compensation Act deprive the plaintiffs of all right of recovery under the terms of section 376 of the Code of Civil Procedure.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles S. Burnell, Judge. Affirmed.

The facts are stated in the opinion of the court.

John C. Miles and Bertrand J. Wellman for Appellants.

Paul Overton, S. W. Guthrie and Samuel Poorman, Jr., for Respondent.

WORKS, J.—This is an action commenced by parents to recover damages for the death of their minor son. The young man was an employee of defendant, and at the time of the injury which caused his death was engaged in a work which both arose out of and in the course of his employment. The trial court sustained a general demurrer to the complaint, with leave to amend, and afterward, plaintiffs electing not to amend, rendered judgment for defendant. Plain-

1. Who are dependents within the meaning of Workmen's Compensation Act, notes, Ann. Cas. 1913E, 480; Ann. Cas. 1918B, 479; 13 A. L. R. 686; L. R. A. 1916A, 121, 163, 248; L. R. A. 1917D, 157; L. R. A. 1918F, 483.

Parent's right of action as affected by award to minor, note, Ann. Cas. 1916D, 1172.

tiffs appeal from the judgment. The only question to be determined on the appeal, it will be observed, is whether the complaint states facts sufficient to constitute a cause of action.

[1] Appellants contend that the action is maintainable under the terms of section 376 of the Code of Civil Procedure, which provides: "A father, or . . . , the mother, may maintain an action for the injury or death of a minor child, . . . when such injury or death is caused by the wrongful act or neglect of another. . . . " Judgment was rendered against appellants in the trial court, however, upon the theory that the allegations of the complaint were such that a recovery under section 376 was barred by the provisions of the Workmen's Compensation, Insurance and Safety Act (Stats. 1917, p. 831; and as amended in part, Stats. 1919, p. 910. See Stats. as amended, Deering's Consol. Supp. to Gen. Laws 1917–21, p. 1555), enacted by the legislature many years after section 376. It is provided in paragraph (a) of section 6 of the Compensation Act, italics being ours, that upon the concurrence of several conditions which need not now be specified, "Liability for the compensation provided by this act, *in lieu of any other liability whatsoever to any person,* shall, without regard to negligence, exist against an employer for any injury sustained by his employees arising out of and in the course of the employment and for the death of any such employee if the injury shall proximately cause death. . . . " Paragraph (b) of the same section is to the effect, with certain provisos not of present interest, italics again being ours, "Where such conditions of compensation exist, the right to recover such compensation, pursuant to the provisions of this act, *shall be the exclusive remedy* against the employer for the injury or death. . . . " Paragraph (c) of section 6 provides that in cases "where the conditions of compensation do not occur, the liability of the employer shall be the same as if this act had not been passed." Appellants point out that the act does not provide for compensation to be made to the survivors of those whose lives are lost through injuries received in the service of their employers, where such survivors are not "dependent" upon the deceased persons, and it is claimed by them that the complaint does not show that they were dependent upon their son during his lifetime. They quote an allega-

tion of the pleading, "that by reason of the death of said child the plaintiffs have been deprived of the comfort, society, protection, love and affection of said child, to the plaintiffs' damage in" a certain sum, and insist that the terms thus employed do not show a dependency of the parents upon the son. The language quoted, however, is not the entire *ad damnum* clause of the complaint. That language is immediately preceded by this allegation, with a semicolon between the two statements, "That said minor child of the plaintiffs resided with the plaintiffs and was a dutiful, obedient and home-loving child, and was contributing the sum of ten ($10.00) dollars per week to the support of the plaintiffs."

Taking the entire *ad damnum* clause together it is apparent that the dependency of appellants upon the son appears upon the face of the complaint. It is provided by paragraph (b) of section 14 of the Compensation Act that "questions as to who constitute dependents . . . shall be determined in accordance with the fact, as the fact may be at the time of the injury of the employee." It appears plain to us, looking no further than this statute, that the *fact* is shown by the *ad damnum* clause, in its averment that the son was contributing ten dollars the week "to the support" of appellants, that they were dependent upon him. In a note to *Temescal Rock Co.* v. *Industrial Acc. Com.,* 13 A. L. R. 686–692, there is set forth a long list of cases showing what *proof* is necessary to show dependency under compensation laws when the question of dependency is an issue. Here the question is one of pleading, and we have no doubt that the allegation of the ultimate fact that the deceased minor "was contributing the sum of ten ($10) dollars per week to the support of the plaintiffs" is sufficient to embrace all the probative facts necessary to show dependency. In other words, it can hardly be said that one person is not dependent upon another person when the latter contributes to the support of the former. When money is *contributed,* not lent nor advanced, to the *support* of another it is surely a factor in his support or maintenance. No more than that is necessary to prove dependency under the authorities collated in the note to which we have referred. We are satisfied that the provisions of the Compensation Act deprive appellants of all right of recovery

under the terms of section 376 of the Code of Civil Procedure, and that the trial court ruled correctly in sustaining the demurrer to the complaint.

Judgment affirmed.

Finlayson, P. J., and Craig, J., concurred.