(No. 15906.—Judgment reversed.)

THE JEFFERSON PRINTING COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(MINNIE LASSETER, Defendant in Error.)

*Opinion filed June 17, 1924.*

1. WORKMEN'S COMPENSATION—*what is an accidental injury.* An accidental injury, within the meaning of the Compensation act, is an injury which occurs in the course of the employment unexpectedly and without the affirmative act or design of the employee.

2. SAME—*meaning of the word "accident."* The word "accident" is not to be technically construed, and it may mean any event which is unforeseen and not expected by the person to whom it happens.

3. SAME—*vaccination is not an accident.* The act of vaccinating an employee by the employer's physician in accordance with the recommendation of a commissioner of health is not in itself an accident, and although an infection of the vaccination wound cannot be said to have been expected, it is a question of fact whether it is traceable to the act of vaccination.

4. SAME—*when erysipelas resulting from vaccination does not arise out of employment.* Vaccination of employees by the employer's physician in accordance with the recommendation of the commissioner of health because of the prevalence of small-pox in the community is not an incident of the employment, and erysipelas resulting from the vaccination does not arise out of the employment where nothing is shown to indicate that the liability of erysipelas germs to enter the bodies of the employees was occasioned by anything in the nature or place of the employment.

5. SAME—*evidence as to source of injury should not rest upon guess or conjecture.* That the injury complained of was the consequence of an accident or condition arising out of and in the course of the employment may be shown by circumstantial evidence, but such evidence must amount to more than guess or conjecture.

6. SAME—*when a risk is incidental to employment.* A risk is incidental to the employment only when it belongs to or is connected with what a workman has to do in fulfilling his contract of service.

7. SAME—*to arise out of employment an injury must be fairly traceable to employment as proximate cause.* An injury not fairly traceable to the employment as the contributing proximate cause does not arise out of the employment, and the causative danger must be peculiar to the work and incidental to the character of the business.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. HARRY M. FISHER, Judge, presiding.

GEORGE C. BLISS, for plaintiff in error.

THOMAS A. MURPHY, for defendant in error.

Mr. CHIEF JUSTICE CARTER delivered the opinion of the court:

On January 18, 1922, an application for adjustment of claim was filed with the Industrial Commission by Minnie Lasseter claiming compensation for an alleged injury resulting in the death of her husband, sustained by him while in the employ of plaintiff in error and arising out of such employment. The arbitrator awarded compensation. On review the Industrial Commission affirmed the arbitrator's award and the circuit court confirmed the commission's decision. The case has been brought here for further review.

William Lasseter was about fifty-two years of age, married, and had a daughter twenty-five years of age. He worked as a compositor at plaintiff in error's printing establishment, and about February 19, 1921, with a number of other employees and officers of the company, was vacci-

nated by the company's doctor in response to a notice sent out by the commissioner of public health of the city of Chicago, stating that small-pox was prevalent in and about Chicago and advising plaintiff in error to have its employees protected against that disease by vaccination. Lasseter worked two or three days following his vaccination and then remained away for six or eight weeks. He was examined by a physician, Dr. Sarah Janson, on February 21, who found erysipelas starting at the point of vaccination on the left arm, which developed rapidly and extended to the waist line. The patient had a high temperature and was seriously ill for a week. The physician testified that he then recovered as far as the general symptoms were concerned, but other conditions developed. Following the six or eight weeks' period of Lasseter's absence he returned to work for a short time but quit again and never returned. In June of 1921 Lasseter had a stroke of paralysis which affected his right side, at which time his heart action was bad and his blood pressure was high. In December, 1921, he died from paralysis and an embolism, which the physician testified was doubtless produced by the effect of erysipelas in February. Dr. Janson had examined Lasseter about four years previous to the vaccination, at which time she found irregular heart action, but testified there was no high blood pressure and the heart action cleared up nicely; that she had examined him frequently from that time.

Dr. C. R. G. Forrester, called on behalf of plaintiff in error, testified that the infection from the erysipelas germ develops rapidly, if it develops at all, and that the fact that none of the other twenty-eight persons vaccinated, employees of plaintiff in error, had developed erysipelas from vaccination, and it was three days after his vaccination that erysipelas developed in the Lasseter case, was an indication to the witness that erysipelas was not the result of the vaccination or faulty technique on the part of the vaccinator but was due to a subsequent infection, although probably

312—37

the vaccination abrasion was the point of entry if the erysipelas first showed in the vicinity of that wound.

Dr. Janson testified that the erysipelas brought on the other conditions; that it produced the high fever and rendered the heart weak; that she saw Lasseter every day for three weeks after the first examination, and about every ten days during May and June, until he had his first stroke of paralysis, from which time on his heart action was bad, his blood pressure was high and he was in a run-down condition.

From the medical testimony offered, which was the only competent testimony produced concerning the cause of Lasseter's death, it appears that the judgment of one of such witnesses was that Lasseter's death was traceable to the erysipelas, but this witness did not testify that the erysipelas was connected with the vaccination. Both of the doctors testified that the erysipelas germ probably entered the vaccination wound, but it appears that some time elapsed between the vaccination and the infection, and there was a failure to show that the erysipelas was due to the vaccination or the faulty technique of the vaccinator, and in our judgment it is not clearly shown from the record that erysipelas caused the later condition from which Lasseter died.

Some question is raised in the briefs as to the notice with reference to the action arising out of the employment under the statute. We think there is no doubt, from the record, that plaintiff in error had actual notice of Lasseter's illness, and that the foreman of Lasseter's department visited him at his home some time between February 28 and March 4, and there was testimony of other communication with plaintiff in error's officers. So we do not think there is any legal question arising that should be considered with reference to the notice of the cause of the death of Lasseter.

Plaintiff in error's counsel contends there was no accidental injury arising out of and in the course of the employment shown by the testimony. An accidental injury, within the meaning of the act, is one which occurs in the

course of the employment unexpectedly and without the affirmative act or design of the employee. But the word "accident" is not to be technically construed. It may comprehend any event which is unforeseen and not expected by the person to whom it happens. (*Matthiessen & Hegeler Zinc Co.* v. *Industrial Board,* 284 Ill. 378.) The act of vaccination of Lasseter was not unexpected and was in itself not an accident. The infection was not expected. Whether it was traceable to the act of vaccination was a question of fact. The vaccination was not an incident of the employment, and there was nothing shown to indicate that the prevalence of erysipelas germs or their liability to enter the bodies of plaintiff in error's employees was occasioned by anything in the nature or place of the employment or was an added risk incidental to Lasseter's employment.

In an infection following closely the vaccination of the claimant the Supreme Court of Michigan held in *Krout* v. *Hudson Co.* 200 Mich. 287, that the injury to the person vaccinated did not arise out of the employment and that the company was not liable for the death of the deceased. The facts in that case as to the infection following the vaccination of the employee arising out of the employment were very similar to the facts in this case, and what is there stated has a strong bearing on the result in this case. It was held in that case that the Detroit board of health was the active agency which caused the vaccination of the employee before her injury, and it must be said that the commissioner of health in this case was the active agency which caused the vaccination of Lasseter. It was held in the *Krout case, supra,* that the record in that case did not show any connection between the employment of the claimant by the Hudson Company and the infection following vaccination of the claimant; that there was nothing in her employment which made her more susceptible to the reception of the germ infection than if she were walking upon

the street or attending a theater or church; that the risk of infection was such, and such only, as that to which the general public is exposed. The same may well be said here. The most that can be said of the testimony of the medical witnesses in this case is that the testimony tended to establish a causal relation between the erysipelas and Lasseter's subsequent condition and death, but the applicant's testimony failed to show a chain of causation extending back to any accident or condition arising out of and in the course of the employment. Such cause and consequence could be shown by circumstantial evidence, but such evidence must amount to more than guess or conjecture. (*United States Fuel Co.* v. *Industrial Com.* 310 Ill. 85.) Lasseter could have been vaccinated at home or at a doctor's office in response to the general request of the health officials of the city. The testimony in the record showed that the streptococcus germ is carried in the air everywhere, so that there was apparently no greater liability to infection one place than another. A risk is incidental to the employment only when it belongs to or is connected with what a workman has to do in fulfilling his contract of service. (*Boorde* v. *Industrial Com.* 310 Ill. 62.) An injury not fairly traceable to the employment as the contributing proximate cause does not arise out of the employment. The causative danger must be peculiar to the work and incidental to the character of the business. (*Edelweiss Gardens* v. *Industrial Com.* 290 Ill. 459; also *Krout* v. *Hudson Co. supra.*) The record fails to show any susceptibility to the infection of erysipelas peculiar to the work in which Lasseter was engaged or incidental to the character of the business of plaintiff in error.

The judgment of the circuit court must be reversed.

*Judgment reversed.*