NEUDECK *v.* FORD MOTOR CO.

MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—VACCINA-
TION—DEATH FROM INFECTION ACCIDENTAL.

Where, under direct order of employer, employee suffered vac-
cination by employer's physician, and infection resulted, death
therefrom was accidental and arose out of and in course of
employment within meaning of workmen's compensation act.

Certiorari to Department of Labor and Industry.
Submitted January 16, 1930. (Docket No. 46, Cal-
endar No. 34,680.) Decided March 6, 1930.

Delia Neudeck presented her claim for compensa-
tion against the Ford Motor Company for the acci-
dental death of her husband, Louis P. Neudeck,
while in defendant's employ. From an order award-
ing compensation, defendant brings certiorari. Af-
firmed.

*George D. O'Brien,* for plaintiff.

*George H. Anderson,* for defendant.

FEAD, J. The case was submitted upon the fol-
lowing statement of facts:

"Louis Neudeck, deceased, husband of Delia Neu-
deck, claimant, was employed by the Ford Motor
Company in latter part of July, 1928, and immedi-
ately upon being employed he was ordered by the
officials of the Ford Motor Company to be vacci-
nated and he was vaccinated thereupon, at the Ford
Motor Company's plant, and by a doctor employed
by the Ford Motor Company; as an effect of said

---

External infection as accident or accidental injury within meaning
of workmen's compensation act, see L. R. A. 1918F, 876; 39 A. L. R.
871.

vaccination Mr. Neudeck incurred a streptococcus poisoning, the focus of the infection being the vaccinated arm and as a consequence Mr. Neudeck died of a streptococcus poison September 3d, 1928. The claimant, Delia Neudeck, was totally dependent on the deceased, Louis Neudeck.''

To this was added the testimony of the chief surgeon of defendant that defendant had been requested by the Detroit board of health to have vaccinated against smallpox all new employees and old ones not successfully vaccinated within five years. Defendant complied with the request as to new employees but did not as to old ones.

Defendant contends the vaccination was not an accident, and, if the infection was an accident, there was no proof that the germs entered the wound at the time of vaccination or during the time deceased was at work. *Krout* v. *J. L. Hudson Co.,* 200 Mich. 287 (L. R. A. 1918F, 860).

In 39 A. L. R. 872, note, it is said:

''An external infection which has been distinctly traced to a definite point of contact, such as a scratch or abrasion, and to a definite time, being of an unusual nature and generally happening suddenly or unexpectedly, is generally held to constitute an accident, or an injury by accident, within the meaning of the act.''

The rule is sustained by the decisions of this court in *Cline* v. *Studebaker Corp.,* 189 Mich. 514 (L. R. A. 1916C, 1139), where an infection developed in an eye from an attempt of a fellow workman to remove a piece of steel from it; *Blaess* v. *Dolph,* 195 Mich. 137, where an undertaker's assistant became infected through a slight cut on his finger while working on the body of a person who had died from infection; and *Dove* v. *Alpena Hide & Leather Co.,*

198 Mich. 132, where a workman became infected through the respiratory system from handling hides. In all of these cases the infection was held to be an accident. In *Frankamp* v. *Fordney Hotel,* 222 Mich. 525, also, where a head waitress contracted typhoid fever from drinking water provided by the employer, the disease was held an accident.

Counsel have cited only two vaccination cases, neither of which is determinative. In *Freedman* v. *Spicer Manfg. Corp.,* 97 N. J. L. 325 (116 Atl. 427), the employee was vaccinated in defendant's plant, returned to his desk, fainted as a result of the inoculation, fell to the floor, fractured his skull, and died, and the court, without opinion, held it a compensable accident. In *Krout* v. *J. L. Hudson Co., supra,* the employee was vaccinated by a physician employed by the city board of health, later contracted infection, and the court held it not a compensable accident because there was no evidence that the germs secured lodgment in the employee's arm in the course of her employment with defendant and no connection was shown between the employment and the infection following vaccination.

The case at bar is readily distinguishable from the *Krout Case.* There the vaccination was by a public agency, independent of the employer and employment. Here the vaccination was performed by defendant's physician, was suffered by the employee under direct order of defendant, neither the employee nor defendant was under the compulsion of public authorities, but defendant was acting in a merely discretionary compliance with a request. The vaccination occurred in the course and out of the employment.

It may be conceded that the vaccination wound was not an accident, because it was not an "unfore-

seen event.'' But vaccination is usually harmless, and, under the above authorities, infection therefrom is an accident. Of course, no one could testify that he saw a germ enter the wound. The most that could be done would be to tell the condition which would render infection probable or possible. No testimony was introduced to indicate how or when the infection did or could have occurred or its cause. The only cause, time, and place indicated in the record are found in the concession in the statement of facts, that the infection was an effect of the vaccination. This concession ties the accident of infection to the act of vaccination as occurring in the course of the employment.

The award of compensation is affirmed.

Wiest, C. J., and Butzel, Clark, Potter, Sharpe, and North, JJ., concurred. McDonald, J., did not sit.