## SPICER MANUFACTURING CO v TUCKER

Ohio Appeals, 6th Dist, Lucas Co

No 2746. Decided Feb 20, 1933

Marshall, Melhorn, Marlar & Martin, Toledo, and Crary Davis, Pomeroy, for plaintiff in error.

Tracy, Chapman & Welles, Toledo, and Sidney D. L. Jackson, Toledo, for defendant in error.

**RICHARDS, J.**

Under the evidence the jury was clearly justified in finding that the death directly resulted from the vaccination. While the Health Department of the City of Toledo made proper investigation in January and in June of 1929 and recommended and urged to the company vaccination of employes, it made no order with reference to men who should be subsequently employed. As to such employes the company was informed by the Health Commissioner that he could not require vaccination but that the company had the right and authority to do so. The requirement upon the part of the company that Tucker should be vaccinated was entirely voluntary on its part. The evidence contained in the bill of exceptions discloses that this requirement was made by the company in order to safeguard it from an outbreak of smallpox among its employes. It was busy filling orders at that time and desired to avoid having the work delayed. The evidence shows that the requirement was made in furtherance of the company's business and not as a public agency nor on any claim that an order therefor had been made by the Health Commissioner of the City of Toledo.

It is contended by the company that the employe did not suffer any physical injury accidentally sustained in the course of the employment and that the vaccination and its ensuing consequences created no cause of action in favor of the widow or next of kin. There was necessarily a physical injury in the act of vaccination as the abrasion at the place of vaccination itself constituted an injury. But was there an accident? We think the act of vaccination was not an accident, as it was foreseen and expected. An accident has been defined as some happening that occurs by chance, unexpectedly, and not in the usual course of events. It is something that might possibly

be prevented by the exercise of ordinary care. Notwithstanding that definition of accident, the infection and its entry into the system through the vaccination wound was the intervention of an unlooked-for circumstance and constituted the element of accident. Certainly there was no intention to have the wound become infected.

The jury may have found under the evidence that some infection or germ entered the body at the time of the vaccination, either through the vaccine used or the needle or from some other source and the evidence warranted a finding that the disease of which Tucker died was a traumatic disease directly resulting from the physical injury occurring at the time of the vaccination and that it arose during the course of his employment and out of that employment.

Quite a number of cases have arisen where employes have suffered injuries resulting from vaccination and have claimed compensation under the workmen's compensation law. Some of these cases have been determined favorably to the employe and in some of them compensation has been denied, depending upon the circumstances of the case. Perhaps not all of these cases can be reconciled, but under the facts shown in the case at bar, a recovery appears to have been justified.

The claimant relies largely on the case of Texas Employer's Ins. Ass'n v Mitchell, 27 SW, 2nd, 600, a case which seems directly in point, bearing in mind that in the case at bar the order that Tucker should be vaccinated was the order of the employer and not that of the Board of Health. Claimant also relies on Neudeck v Ford Motor Co., 249 Mich., 690, a case remarkably similar to that now under consideration. The Neudeck case distinguishes clearly where it differs from the case of Krout v J. L. Hudson Co., 200 Mich., 287, a case decided by the same court and relied on by plaintiff in error. Certainly the Neudeck case materially limits the force and effect of the decision in Krout v J. L. Hudson Co., supra.

The case at bar is in some of its aspects similar to that of **Industrial Commission v Jasinowski, 22 Oh Ap, 112 (4 Abs 531)**, decided by this court, where the infection entered through an abrasion near the employe's mouth.

From the evidence and better reasoned authorities, this court is of opinion that the injury and death in the present case are compensable under the workmen's compensation law.

We have carefully examined all the alleged errors pointed out in the brief of plaintiff in error, and finding none to its prejudice the judgment will be affirmed.

WILLIAMS and LLOYD, JJ, concur.