EDWARD J. STEVENS, JR., BY HIS NEXT FRIEND, EDWARD
J. STEVENS, PROSECUTOR, v. ESSEX FELLS COUNTRY
CLUB, DEFENDANT

Submitted October 31, 1947—Decided March 1, 1948.

Before Justices BODINE and HEHER.

For the prosecutor, *Lum, Fairlie & Foster* (*Charles S. Barrett, Jr.,* of counsel).

For the defendant, *Schneider & Schneider* (*Walter H. Conklin,* of counsel).

The opinion of the court was delivered by

HEHER, J. The question here is whether the infant prosecutor's conceded injury was the result of an accident which arose out of and in the course of his employment with de-

fendant within the intendment of the Workmen's Compensation Act. *R. S.* 34:15–7, *et seq.* The Bureau and the Essex Common Pleas resolved the issue in the negative; and we concur in that conclusion.

These are the salient facts: On July 10th, 1945, prosecutor was injured while participating in a golf tournament conducted on defendant's links by caddies in its employ. Prosecutor was then a high school student 15 years of age. He was in the fourth year of his service as a caddy for defendant, serving as such on Wednesdays, Saturdays, Sundays and holidays. His weekly income, including tips, was about $10. He testified that defendant "permitted" its caddies to use its links for the playing of golf on Monday mornings, and gave war stamps "as prizes to the best scorers." While so engaged, he was struck on the head by a ball driven by another caddy-player. The play on these occasions was limited to the club's own caddies, in number about 300. Participation in the weekly tournaments was not compulsory; the number taking part was usually about 100. There was no compensation for the time thus spent; and there was no service credit or rating in any form for the experience so acquired. And there was no supervision of the play by the club management. Prosecutor testified that play in the tournaments contributed to his efficiency as a caddy. It improved his ability, he affirmed, to measure distances and to keep track of the ball while in play and to advise players in the use of clubs; and it is said that his participation in the caddy tournaments was "mutually beneficial," and the principle of the cases of *Owens* v. *Bennett Air Service,* 133 *N. J. L.* 540; *affirmed,* 135 *Id.* 467, and *Micieli* v. *Erie Railroad Co.,* 131 *Id.* 427, serves to render the accident compensable.

The Common Pleas Judge entertained the view that while, perhaps, the limitation of the play to caddies in the club's employ "so connected such play with the employment that the accident could be said to be one 'arising out of his employment,'" it did not arise in the course of the employment.

The issue is to be resolved by recourse to first principles. It goes without saying that an accident is not compensable unless there be a concurrence of both of the foregoing ele-

ments; but, while they are two different concepts, an injury by accident arising out of an employment in its very nature almost invariably occurs in the course of it. The words "out of" have reference to the origin and cause of the accident; the words "in the course of" to the time, place, and circumstances under which the accident takes place. The former words are descriptive of the character or quality of the accident; the latter relate to the circumstances under which an accident of that character or quality occurs. The character or quality of the accident as conveyed by the words "out of" involves the idea that the accident "is in some sense due to the employment. It must be an accident resulting from a risk reasonably incident to the employment. * * * A risk is incidental to the employment when it belongs to or is connected with what a workman has to do in fulfilling his contract of service." *Bryant, Adm'x,* v. *Fissell,* 84 *N. J. L.* 72. There must be a causal connection between the accident and the employment. If the danger was one to which the employee was exposed because of the nature of his employment, the accident arose out of the employment. It is of this class if there be a causal relation between the injury and the conditions under which the work is required to be done. The service is then a contributing proximate cause; the injury is traceable to a hazard of the employment. *Geltman* v. *Reliable Linen and Supply Co.,* 128 *Id.* 443.

Here, what the employee was doing at the time of the mishap was not related to his employment in the statutory sense. The accident was not the result of a risk inherent in or incident to the employment. Indeed, the employee was not in the pursuit of the master's service when the injury was sustained; he was not then engaged in the fulfillment of his contract of service, but rather in the exercise of a mere privilege accorded by the employer to use the golf course for his own recreation and instruction in the principles and the practice of the game. The proofs afford no basis whatever for the application of the principle of "mutual benefit." There is nothing to suggest that the arrangement was so designed. The benefit, if any, which enured to the employer was purely incidental and too remote to sustain an inference

that such use of the club's facilities was in contemplation as an integral part of the service. It was not a thing bargained for; nor was it in the view of the parties as a consideration for the contract or a measure related to the qualifications of the players for service as caddies. The risk of danger was not one to which the employee was exposed because of the nature of his employment; what he was doing at the time was not the performance of duty under the employment contract, nor was it reasonably incidental to such service; and thus the requisite causal relationship is lacking. Generosity alone to one's employee does not render one liable for compensation under the act for injury suffered while in the enjoyment of the favor, even though there is reciprocal good will and a heightening of morale. Such is not within the ambit of the employment. To have that quality, the thing done must be so closely identified with the service as to be part and parcel of it.

The writ is dismissed, but without costs.