[Civ. No. 16746.   Second Dist., Div. One.   May 18, 1949.]

DANIEL G. ROBERTS, Appellant, v. U. S. O. CAMP SHOWS, INC. (a Corporation), Respondent.

John A. Jorgenson for Appellant.

Crider, Runkle & Tilson for Respondent.

DOOLING, J. assigned.—Plaintiff appeals from a judgment of dismissal entered after demurrer sustained to his second amended complaint and his failure further to amend pursuant to leave granted. The second amended complaint alleges that plaintiff is a professional musician, that he was employed by defendant to perform services for it as a musician, that the defendant employer directed him as employee to submit to various inoculations for immunization by physicians designated and paid by defendant, that plaintiff in obedience to such directions received such inoculations and in direct consequence thereof contracted encephalitis to his damage.

The trial court held that the injuries alleged were solely compensable under the Workmen's Compensation Act. We are satisfied of the correctness of the conclusion. So far as we are advised it has been held in every American jurisdiction, in which the question has arisen that, as stated in 58 American Jurisprudence at page 775: "Incapacity caused by illness from vaccination or inoculation may properly be found to have arisen out of the employment where such treatment is submitted to pursuant to the direction or for the benefit of the employer. . . ." The following cases support this rule: *Spicer Mfg. Co.* v. *Tucker,* 127 Ohio 421 [188 N.E. 870]; *Neudeck* v. *Ford Motor Co.,* 249 Mich. 690 [229 N.W. 438]; *Texas Employers' Ins. Ass'n.* v. *Mitchell,* (Tex.Civ.App.) 27 S.W.2d 600; *Smith* v. *Brown Paper Mill Co.* (La.App.), 152 So. 700; *Alewine* v. *Tobin Quarries,* 206 S.C. 103 [33 S.E.2d 81].

Appellant relies on section 2802, Labor Code, reading: "An employer shall indemnify his employee for all that the employee necessarily expends or loses in direct consequence of the discharge of his duties as such, or of his obedience to the directions of the employer. . . ."

This section cannot be held to impose an independent liability for injuries to the person of the employee where such injuries are compensable under the workmen's compensation provisions of the Labor Code. Section 3601, Labor Code, makes the right to compensation the exclusive remedy where the conditions of compensation exist. (*McLain* v. *Llewellyn Iron Works*, 56 Cal.App. 60 [204 P. 869]; *Treat* v. *Los Angeles G. & E. Co.*, 60 Cal.App. 466 [213 P. 263]; *Gerini* v. *Pacific Employers Ins. Co.*, 27 Cal.App.2d 52 [80 P.2d 499]; *Jiminez* v. *Liberty Farms Co.*, 78 Cal.App.2d 458 [177 P.2d 785].) If the employee were entitled to sue for damages in a court of law for every personal injury incurred "in direct consequence of the discharge of his duties as such, or of his obedience to the directions of the employer" most of the litigation concerning injuries to employees would be transferred from the jurisdiction of the Industrial Accident Commission to the courts. We cannot hold that the Legislature intended any such revolutionary change in established procedure by transferring the former section 1969 of the Civil Code to the Labor Code as section 2802 in 1937.

Apart from this consideration the second amended complaint alleges no negligence or misconduct of the employer. The idea of liability for personal injuries to an employee incurred without fault of the employer is foreign to our legal system except in cases covered by the Workmen's Compensation Act. We are convinced that section 2802 Labor Code was not intended to work such a radical change in the substantive law as to allow a recovery in the courts for personal injuries to an employee incurred without the employer's fault.

Judgment affirmed.

White, P. J., and Doran, J., concurred.

A petition for a rehearing was denied June 13, 1949, and appellant's petition for a hearing by the Supreme Court was denied July 14, 1949.