14 N.J. Super. 603 (1951)
82 A.2d 225
MICHAEL PADULA, PETITIONER-APPELLANT,
v.
ROYAL PLATING & POLISHING CO., RESPONDENT-APPELLEE.
Superior Court of New Jersey, Essex County Court Law Division.
Decided June 27, 1951.
Mr. Herman M. Wilson, for the petitioner-appellant.
*604 Messrs. Toner, Speakman & Crowley (Mr. Robert A. Vanderbilt, appearing), attorneys for the respondent-appellee.
CONLON, J.C.C.
The petitioner was denied compensation and appeals. The material facts are not essentially in dispute, the issue being whether or not the petitioner sustained his injury out of and in the course of his employment.
The evidence warrants the following finding of facts: Petitioner was employed by the respondent as a plater in June, 1947. On July 28, 1949, in the evening, he was injured while playing a game of softball on a team made up of employees of the respondent. The members of the team wore uniforms which bore the name of the respondent and which had been paid for by it. The game was being played under the auspices of the Newark Board of Education in the Factory Industrial League at the Newark City School Stadium. The respondent had paid an initiation fee of $16 for the team's admission into the league. The employees were not paid to play and played on their own time. At the time of the accident in question petitioner was working on the day shift, and there was no evidence that any other members of the team were on the night shift. Petitioner claimed that during the previous summer he was on the night shift and that he had been allowed to leave work to play games without "punching out" and consequently he had received his wages while playing. With the exception of one occasion this pay-while-playing arrangement was emphatically denied by his superior, and his employment records during the summer of 1947 showed his attendance to have been so irregular as to provide no corroboration of his contention. The deputy director found against him on that issue and the record discloses no reason for reversing that finding.
The petitioner contends that the above facts bring his claim within the category of those cases which provide that injuries are compensable when sustained as an incident to recreational facilities furnished by the employer for the mutual benefit of itself and its employees. Kelly v. Hackensack *605 Water Co., 10 N.J. Super. 528 (App. Div. 1950); Popovich v. Atlantic Products Corp., 125 N.J.L. 533 (Sup. Ct. 1941). A reading of those cases discloses, however, that the recreational facilities have been furnished either at its own expense, or enjoyed on the employer's time, or on its premises, or under its supervision and direction.
The petitioner also urges that the views expressed by Judge Jacobs in Saintsing v. Steinbach Company, 1 N.J. Super. 259 (App. Div. 1949) extends the rule to cover the situation here presented. In that case the employee was deemed compensable for harmful effects of a vaccination to which he submitted at the instance of the employer.
If the facts in the instant case were one of novel impression they might well lead to the conclusion that there existed such a mutuality of benefit as to render the injury compensable. There is considerable force to the argument that the employer benefited by the maintenance of a baseball team. There was involved, perhaps, the health of its employees, their morale, the possibility of attracting new employees, the advertising resulting from the team wearing uniforms with the names of the employer on them and the consequent publicity.
Be that as it may, this court is bound by the principles heretofore established and not as yet modified by our appellate courts. Under those circumstances it is not the province of a trial court to depart from established precedent. In that respect we are bound by the decision in the case of Stevens v. Essex Fells Country Club, 136 N.J.L. 656 (Sup. Ct. 1948). In that case the respondent, as part of the routine treatment of its caddies, conducted a golf tournament for them each Monday. It furnished the use of the links free of charge and gave war stamps as prizes. In applying the statute to those facts, which were even more favorable to the employee's contention than our present situation, the court held that an injury sustained by a caddy was not compensable because the benefits which enured to the employer were "too remote" to establish liability. It must have been argued that the use by caddies of a golf club course is almost a universal custom, and *606 hence almost a necessary concomitant to the inducement to caddies to work for that particular club. Nevertheless, the court had this to say:
"The proofs afford no basis whatever for the application of the principle of `mutual benefit.' There is nothing to suggest that the arrangement was so designed. The benefit, if any, which enured to the employer was purely incidental and too remote to sustain an inference that such use of the club's facilities was in contemplation as an integral part of the service. It was not a thing bargained for; nor was it in the view of the parties as a consideration for the contract or a measure related to the qualifications of the players for service as caddies. The risk of danger was not one to which the employee was exposed because of the nature of his employment; what he was doing at the time was not the performance of duty under the employment contract, nor was it reasonably incidental to such service; and thus the requisite causal relationship is lacking. Generosity alone to one's employee does not render one liable for compensation under the act for injury suffered while in the enjoyment of the favor, even though there is reciprocal good will and a heightening of morale. Such is not within the ambit of the employment. To have that quality, the thing done must be so closely identified with the service as to be part and parcel of it."
This court is bound by the principles thus established and consequently finds that in the present case the injuries did not arise out of and in the course of petitioner's employment. The determination of the Bureau is affirmed and the petition dismissed.
An appropriate order should be presented promptly.