**Anna Marie LAMPKIN, Appellant,**

**v.**

**HARZFELD'S, a corporation, Respondent.**

**No. 51835.**

Supreme Court of Missouri,
Division No. 2.

Nov. 14, 1966.

---

Wm. Harrison Norton, Williams, Norton & Pollard, North Kansas City, for appellant.

E. E. Thompson, Thos. J. Conway, Jr., Edgar S. Carroll, Kansas City, for respondent, Popham, Thompson, Popham, Trusty & Conway, Kansas City, of counsel.

STOCKARD, Commissioner.

In this action for damages in the amount of $50,000 for personal injuries the trial court entered summary judgment for the defendant and plaintiff has appealed. The issue is whether plaintiff sustained injuries resulting from an accident arising out of and in the course of her employment with defendant within the meaning of the Workmen's Compensation Law. Chapter 287 (all statutory references are to RSMo 1959, V.A.M.S.). If so, plaitniff is relegated to the remedy of that law, and may not maintain this action against her employer. §: 287.120(2); Marie v. Standard Steel Works, Mo., 319 S.W.2d 871, 875; Sheets v. Hill Brothers Distributors, Inc., Mo., 379 S.W. 2d 514, 516.

Plaintiff alleged in her petition that she was employed by defendant as a sales lady, that she "was advised that it would be

**896**

necessary for her to take a series of flu shots" to be administered by a doctor who was an agent and employee of defendant, that on September 24, 1963, she was "instructed" to appear before the doctor on the premises of defendant and was there "administered the flu shot." She then alleges that she had advised the doctor that she "suffered from allergies," that the defendant was negligent in administering the flu shot under the circumstances, and that she suffered a reaction resulting in substantial personal injuries.

After the pleadings were at issue the defendant moved for summary judgment, and submitted as exhibits to the motion (1) a copy of plaintiff's petition: (2) two certificates from the Division of Workmen's Compensation showing that defendant was classified as a major employer and had accepted the occupational disease amendment to the Workmen's Compensation Law, and that the files of that office did not show a rejection of the law by plaintiff; (3) an affidavit by an officer of defendant that it was operating under and subject to the provisions of the Missouri Compensation Law, and that the liability of defendant under that law was fully insured by an insurance company authorized to do such business in Missouri; and (4) portions of a deposition of plaintiff in which she testified that she was "encouraged," "advised" and "instructed" to take the flu shot by the "personnel department" of defendant, that she was told she should take the flu shot "to prevent getting sick" and so she would have less time off from work, and that she paid $1.50 for the flu shot and thought defendant paid a percentage of the cost.

■ Summary judgment is authorized by Civil Rule 74.04(c), V.A.M.R., where the "pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." It is further provided in Civil Rule 74.-

04(h) that "In no case shall a summary judgment be rendered on issue triable by jury or the court without a jury unless the prevailing party is shown by unassailable proof to be entitled thereto as a matter of law." In this case no counter affidavits to the motion for summary judgment were filed by plaintiff. For purposes of this appeal we accept as correct the statements of fact in defendant's exhibits to the motion for summary judgment. Spradlin's Market, Inc. v. Springfield Newspapers, Mo., 398 S.W.2d 859, 862, Grubb v. Leroy L. Wade & Son, Inc., Mo., 384 S.W.2d 528.

The exhibits to the motion for summary judgment establish that plaintiff was an employee of defendant at the time of her alleged injuries, and that plaintiff and her employer were subject to the Missouri Workmen's Compensation Law. The issues, therefore, are reduced to these: (1) Did plaintiff's injuries result from an accident as that term is defined in § 287.020 and used in § 287.120, and if so, (2) did the accident arise out of and in the course of her employment. Where, as in this case, there is no dispute as to the facts, these are questions of law. McFarland v. St. Louis Car Co., Mo.App., 262 S.W.2d 344, 346; Liebman v. Colonial Baking Company, Mo.App., 391 S.W.2d 948, 950.

■ The term "accident" is defined in § 287.020 to mean "an unexpected or unforeseen event happening suddenly and violently, with or without human fault and producing at the time objective symptoms of an injury." Plaintiff makes no contention in her brief that her injuries did not result from an accident. The inoculation for influenza was, of course, not an accident. But, the event of the reaction was unforeseen and unexpected, and it was a sudden and violent occurrence which produced objective symptoms of an injury. The occurrence falls precisely within the statutory definition of the word "accident." Other courts have uniformly held that reactions and infections resulting from vaccinations and inoculations constitute an ac-

cident within the meaning of the Workmen's Compensation laws. See Lee v. Wentworth Manufacturing Company, 240 S.C. 165, 125 S.E.2d 7; Spicer Mfg. Co. v. Tucker, 127 Ohio St. 421, 188 N.E. 870; Neudeck v. Ford Motor Co., 249 Mich. 690, 229 N.W. 438; Freedman v. Spicer Mfg. Corp., 97 N.J.L. 325, 116 A. 427; Sanders v. Children's Aid Society, 238 App.Div. 746, 265 N.Y.S. 698, Affm'd. 262 N.Y. 655, 188 N.E. 107; Texas Employers' Ins. Ass'n v. Mitchell, Tex.Civ.App., 27 S.W.2d 600; Alewine v. Tobin Quarries, 206 S.C. 103, 33 S.E.2d 81; Smith v. Brown Paper Mill Co., La.App., 152 So. 700; Suniland Toys and Juvenile Furniture, Inc. v. Karns, Fla., 148 So.2d 523.

We turn now to the issue of whether plaintiff's injuries arose out of and in the course of her employment. Plaintiff outlines in her brief what she contends are the "indisputable facts" as follows: 1. She "was an employee of defendant." 2. She "was injured during working hours." 3. She was a "saleslady in a well know ladies' ready to wear establishment." 4. She was "injured by a doctor when he administered a flu shot, [whom] we can assume to have been an agent of the defendant." 5. "Plaintiff, in her employment as a saleslady, has no connection with being treated by a doctor." 6. "Plaintiff paid $1.50 to the defendant for the shot she received from the doctor." Plaintiff then argues that "the last two facts" above set forth are "the determinative facts of this case," and that when considered in the light of the Missouri decisions, they establish that plaintiff's injury did not result from an accident arising out of and in the course of her employment. The basis for this contention seems to be that the accident "'did not occur when she was reasonably fulfilling the duties of her employment," and since she paid $1.50 for the inoculation she "was a customer then, and not an employee."

An injury arises "out of" the employment when there is a causal connection between the conditions under which the work is to be performed and the resulting injury, and it arises "in the course of" the employment when it occurs within the period of the employment at a place where the employee may reasonably be and while he is reasonably fulfilling the duties of his employment or engaged in doing something incidental thereto. Foster v. Aines Farm Dairy Co., Mo., 263 S.W.2d 421; Goetz v. J. D. Carson Co., 357 Mo. 125, 206 S.W.2d 530; Liverman v. Wagner, Mo.App., 384 S.W.2d 107, 109. These general rules of consideration and approach must be applied to the particular facts of each case. In this case plaintiff was administered the influenza inoculation by an agent of her employer on her employer's premises during regular and normal working hours. Assuming that receiving the inoculation was not a condition of employment (however, plaintiff testified that she "took it the previous year, and I couldn't afford to get discharged for not taking the "flu shot"), the record conclusively establishes that her employer encouraged, advised and instructed her to take the inoculation, and that the purpose of the inoculation was to prevent plaintiff from getting influenza and losing time from work. We need not further elaborate to demonstrate that the inoculation was for the mutual benefit of plaintiff and her employer in their employment relationship. This demonstrates that plaintiff's injury arose "out of" her employment because the conditions of her employment as a saleslady created the need for the inoculation which was the cause of the injury she received. It also demonstrates that plaintiff's injury arose "in the course of" her employment because it occurred within the period of her employment at a place where she was directed to be, and while she was engaged in doing something (receiving the inoculation from an agent of her employer) incidental to her employment, that is, taking steps for the mutual benefit of herself and her employer to prevent absences from work because of influenza. It is the rule that "An injury suffered by an employee while performing

an act for the mutual benefit of the employer and the employee is usually compensable." 99 C.J.S. Workmen's Compensation § 221, p. 730. This has long been the accepted rule in Missouri. Wamhoff v. Wagner Electric Corporation, 354 Mo. 711, 190 S.W.2d 915, 161 A.L.R. 1454; Spradling v. International Shoe Co., 364 Mo. 938, 270 S.W.2d 28; Thompson v. Otis Elevator Co., Mo.App., 324 S.W.2d 755; Liverman v. Wagner, supra. We have neither found nor been cited to a Missouri case involving either an infection or an unexpected reaction from a vaccination or an inoculation, but the issue has arisen in other states. See the annotation at 69 A.L.R. 963, and the cases there cited, including Freedman v. Spicer Mfg. Corp., 97 N.J.L. 325, 116 A. 427; Neudeck v. Ford Motor Co., 249 Mich. 690, 229 N.W. 438; and Texas Employers' Ins. Ass'n v. Mitchell, Tex.Civ.App., 27 S.W.2d 600. See also Lee v. Wentworth Manufacturing Co., supra; Spicer Mfg. Co. v. Tucker, supra; Sanders v. Children's Aid Society, supra; Alewine v. Tobin Quarries, supra; Smith v. Brown Paper Mill Co., supra; Suniland Toys and Juvenile Furniture, Inc. v. Karns, supra. See also Larson's Workmen's Compensation Law § 27.32 and Schneider on Workmen's Compensation, Vol. 7, § 1674, p. 358, and 99 C.J.S. Workmen's Compensation, § 256, p. 885. All of these authorities are to the effect that when the inoculation is occasioned by the particular conditions of employment, or where the employer requires the inoculation, or where there is a combination of strong urging by the employer and mutual benefit, then an injury resulting from inoculation arises out of and in the course of employment.

We cannot agree with the argument of plaintiff that her employment by defendant as a saleslady had no connection in the circumstances of this case with her "being treated by a doctor." In addition, we consider it immaterial that plaintiff paid part of the cost of the inoculation. We consider this comparable to the situation where an employee sustained an injury arising out of and in the course of his employment while using a tool which he had purchased.

The facts of this case, which we accept as true and which we construe most favorably to plaintiff, establish as a matter of law that plaintiff sustained an injury by reason of an accident which arose out of and in the course of her employment. For that reason the trial court correctly entered summary judgment for defendant.

The judgment is affirmed.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.