MISSOURI PUBLIC SERVICE COMPANY,
a Corporation, Plaintiff-Appellant,

v.

PLATTE–CLAY ELECTRIC COOPERA-
TIVE, INC., a Corporation,
Defendant-Respondent,

Kansas City, Missouri, a Municipal Corpora-
tion, Intervening Plaintiff,

W. H. Harris, Robert Hanks and Glenn D.
Petty, Intervening Defend-
ants-Respondents.

No. 53007.

Supreme Court of Missouri,
Division No. 1.

Dec. 9, 1968.

Robert L. Hawkins, Jr., Graham & Haw-
kins, Morris E. Osburn, Jefferson City,
Alan F. Wherritt, Liberty, John C. Mills,
III, Kansas City, for plaintiff-appellant.

Walter A. Raymond, Raymond, West &
Strader, Kansas City, and David R. Cleven-
ger, Clevenger & Lay, Platte City, and
Arthur R. Kincaid, Hale, Coleberd, Kin-
caid & Waters, Liberty, for respondent
Platte-Clay Electrical Cooperative, Inc., a
corporation.

L. M. Bywaters, Liberty, and David D.
Lodwick, Excelsior Springs, for intervenor
plaintiff-respondents.

WELBORN, Commissioner.

In Missouri Public Service Company v. Platte-Clay Electric Cooperative, Inc., Mo., 407 S.W.2d 883, decided by this court November 14, 1966, the judgment appealed from was "affirmed in part and reversed in part, and the cause * * * remanded for the entry of a new and modified judgment conforming to the views expressed in [our] opinion." 407 S.W.2d 894. Upon the trial court's entry of a new judgment, the plaintiff, appellant on the prior appeal, has again appealed, alleging that the trial court's judgment failed to carry out the mandate of the prior case.

The controversy arose out of the annexation by Kansas City, effective January 1, 1962, of theretofore rural areas in Platte and Clay Counties. The cooperative was furnishing electricity to 63 customers in the annexed area on January 1, 1962. The Missouri Public Service Company was granted a franchise by Kansas City to serve in the newly annexed area. The public service company sought, by its suit, to prevent continuation of service by the cooperative in the annexed area. The company's primary position was that, having availed itself of the procedure authorized by § 394.-080 [4], RSMo 1959, V.A.M.S., and having offered to purchase the facilities of the cooperative in the annexed area at the price determined by the Missouri Public Service Commission, the cooperative by refusing to accept such offer forfeited its right to continue providing electric service in the annexed area.

The trial court rejected this contention and found the issues in favor of the cooperative and its intervening members. The public service company appealed from the judgment entered. On the appeal, this court agreed with the trial court's conclusion on the basic issue. The opinion directed certain modifications of the judgment on particulars not here important and the parties on the appeal do not disagree with the decree in those matters.

On its prior appeal, the public service company contended that the trial court's original decree ignored the issue, raised by the pleadings, of the cooperative's right to serve additional and other customers in the annexed area. The decree did adjudge that the present members of the cooperative and. "their successors in interest" had the right to continue to receive electric service from the cooperative in the annexed areas. In passing upon this issue in the prior case, this court stated (407 S.W.2d 893–894):

"A subordinate question is whether under its authority to continue to supply electricity in the annexed areas the cooperative can serve others than those who were its members on the date of annexation. The cooperative concedes that it cannot extend service to new members on premises other than those of its then-existing members but contends that it can serve their 'successors in interest'; that if a tract of land which had only one service connection on January 1, 1962 is subdivided after annexation it can accept membership from and serve the owner of every house or business building which may be erected on the several lots of such subdivision. The right of the cooperative in this respect depends upon a proper construction of § 394.080 [4]. The primary purpose of Chapter 394 is to bring electric service to members of the cooperative living in rural areas not otherwise served. Section 394.080 [4] allows an exception due to changed conditions, but this exception is not to be extended by implication because it runs counter to the spirit and purpose of the chapter as a whole, which does not contemplate the expansion of the cooperative's facilities or the addition of new members or new customers in the annexed areas. Accordingly, the cooperative cannot extend service to the owners of homes and businesses built after annexation on lots purchased from preannexation members who have subdivided their original land holdings. The franchised utility is entitled to supply this kind of new demand for electric energy in the annexed areas and in view of the cooperative's announced

intentions is entitled to be protected against this type of competition by injunctive relief.

"The cooperative's right to continue service in a municipality served by a franchised utility, after annexation of territory in which it has been lawfully operating, is therefore limited to (1) members receiving service at the time of annexation; (2) persons accepted as members who become subsequent occupants of houses and places of business actually connected to the cooperative's lines on the date of annexation, where the previous occupants have resigned, moved, or their memberships have been terminated or discontinued for any other reason, and (3) persons to whom memberships predating annexation may be transferred in compliance with provisions of the by-laws.[4]  (Section 394.120(1) pro-

4. See Caddo Electric Coop. v. State ex rel. Whelan, Okl.Sup., 391 P.2d 234, 238 [2]; State ex rel. Southwestern Gas & Electric Co. v. Upshur Rural Electric Cooperative Corp., 156 Tex. 633, 298 S.W.2d 805; Pee Dee Electric Membership Corp. v. Carolina Power & Light Co., 253 N.C. 610, 117 S.E.2d 764.

vides that membership is not transferable except as provided in the by-laws.  The by-laws at the time of annexation made no provision for transfer of membership, but conceivably they may be amended.) Eligibility for membership is to be determined as of the date of application therefor.  In redrafting the judgment to conform to these directions the term 'their successors in interest' should not be used, because it is too vague and uncertain in meaning.

"The judgment is affirmed in part and reversed in part, and the cause is remanded for the entry of a new and modified judgment conforming to the views expressed in this opinion."

Upon the receipt of our mandate, the trial court entered the following judgment:

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:

"1.  The defendant Platte-Clay Electric Cooperative, Inc., a corporation, has the

power and right to continue to transmit, distribute, sell, supply and dispose of electric power and energy in the areas annexed by Kansas City on January 1, 1962, and that its refusal to accept the offer of Missouri Public Service Company, Inc., of the sum fixed by the Public Service Commission as the reasonable and fair value of its physical property in the annexed areas did not terminate its franchises and operating rights therein; that under Sec. 394.-080(4), its franchises and operating rights continue until the Cooperative voluntarily decides to sell and Kansas City or a utility which it has authorized to serve the annexed areas decides to purchase the physical property of the Cooperative upon terms agreeable to both parties.

"2.  The defendant Platte-Clay Electric Cooperative, Inc., a corporation, has the right to continue to serve in said annexed areas (1)  members receiving service at the time of annexation; (2) persons accepted as members who become subsequent occupants of houses and places of business actually connected to the Cooperative's lines on the date of annexation, where the previous occupants have resigned, moved, or their memberships have terminated or discontinued for any other reason, and (3) persons to whom memberships predating annexation affecting only such property owned by them at the time such membership was obtained may be transferred in compliance with the provisions of the by-laws.

"3.  The defendant Platte-Clay Electric Cooperative, Inc., is hereby restrained from serving any persons other than those set forth in the above Paragraph 2.

"4.  IT IS FURTHER ORDERED that the costs herein be taxed one-half to plaintiff, Missouri Public Service Company, and one-half to defendant, Platte-Clay Electric Cooperative, Inc., and that execution issue therefor."

The appellant's objections, on this appeal, are directed at the second paragraph of the new judgment.  Appellant complains that

the judgment fails to limit the service which the cooperative may provide in the annexed area to no more "than sixty-three members or other customers and only at the same locations and in the same houses and places of business of the sixty-three members actually connected to defendant's lines on January 1, 1962." Appellant contends that such limitation appears from a reading of the prior opinion as a whole and that the decree on remand should not have been confined to the conclusions in the next to last paragraph of the opinion but should have considered such conclusions in the light of such over-all limitation. Specifically, the appellant complains that, with the first category of paragraph 2, a member of the cooperative receiving service outside the annexed area on January 1, 1962 would be permitted to move to, and receive electric service at, a location within the annexed area. It also complains that transferred memberships would be permitted to receive service in the annexed area without regard for the location of the transferor's property. Appellant contends that these deficiencies in the new judgment will permit the cooperative to expand its service in the annexed area, contrary to the implicit holding in the court's opinion precluding expansion by the cooperative of its service and facilities in the annexed area.

The respondent, on the other hand, asserts that the trial court followed the specific mandate of this court in the prior appeal and that, having done so, the trial court cannot now be found to have erred. The respondent says that, if appellant was dissatisfied with the conclusion expressed in our prior opinion, it should have moved for a rehearing or modification of the opinion in this court, but that, not having done so, it cannot now assert that the trial court erred in carrying out our specific mandate.

■ Appellant, of course, has the burden of demonstrating that the trial court erred in the action which it took. The cases cited by appellant are not controlling here. They do state the general principles which have been stated repeatedly in cases such as this. Application of those principles is, of course, the problem. In Sebree v. Rosen, Mo.Sup., 374 S.W.2d 132, the question was the extent of "further proceedings" authorized by a mandate, reversing and remanding for further proceedings, with directions to enter a judgment in conformity with the court's opinion. The conclusion was that, under such a mandate, the trial court was authorized to conduct further proceedings required to permit a final judgment disposing of the issues presented.

The problem in Murphy v. Barron, 286 Mo. 390, 228 S.W. 492, was whether or not an earlier reversal and remand in the same case (Murphy v. Barron, 275 Mo. 282, 205 S.W. 49), was intended to determine with finality the issue involved. The holding was that the prior opinion was not intended to be given such effect.

In Abrams v. Scott, 357 Mo. 937, 211 S.W.2d 718, the court held that the trial court did not properly follow the directions of the Supreme Court in its mandate on an earlier appeal. The court found that its directions, as contained in the entire opinion, had been disregarded and a judgment actually entered which was contrary, in some respects, to the directions in the court's opinion. In the present case, there is no complaint that the decree is contrary to the court's direction. The complaint is that the decree should respond to further directions which appellant finds in the original opinion.

Finally, in Feinstein v. McGuire, Mo. Sup., 312 S.W.2d 20, the trial court endeavored to provide, in its judgment, an option which the Supreme Court had previously denied the appellant. Here, the complaint is not that the court's original opinion was ignored, rather the complaint is that it was followed too literally.

■ In our opinion, the mandate of this court on the prior appeal was sufficiently specific to afford a reasonable basis for its acceptance as such by the trial court.

Ideally, the mandate of this court should be so clear as to give rise to no necessity for surmise or speculation as to its meaning. Certainly, when this court's opinion goes to the length of spelling out in definite language, such as here employed, its determination of the issues found by it to have been presented, the trial court should not be convicted of error if it accepts and follows the appellate court's conclusion.

■ We think that the parties could have reasonably anticipated, at the time of our prior opinion, that the trial court would take the view which it subsequently did of our opinion. With such result reasonably to have been anticipated, dissatisfaction should have been expressed here, in a motion for rehearing or modification of the opinion. The problem in this case may well have been complicated by the fact that, to a certain extent, the problems which the appellant now foresees are presently hypothetical. The situations in which it perceives difficulties in the future had not, insofar as the record of the trial showed, occurred. No reference to such situations is to be found in the briefs on the original appeal. Further reflection might well produce other potential situations in which the decree, by its terms, would not purport to govern. However, such possibilities do not deprive the decree as entered of effectiveness, although they might well have been covered, had they been considered previously. The opinion did undertake to deal with the questions presented on the prior appeal and to prescribe precise and definite answers to such problems. The trial court was fully justified in accepting them as such.

Appellant attaches significance to the fact that in an earlier portion of the opinion, dealing with the primary issue presented on the appeal, the court's opinion stated that "the * * * decree should be modified * * * to read substantially as follows: * * *." The opinion then sets out in quotation marks language which it unmistakably intended the trial court to follow. No such procedure was employed with respect to the issue now under review. However, the trial court should not be required to speculate, at its peril, whether we had a similar intention with respect to the conclusion expressed on the so-called "subordinate question." The opinion purported to decide the question in express terms. The fact that such conclusion was not preceded by a direction such as found with respect to the other issue does not make the directions for entry of a new judgment on such issue any the less specific.

We find no error on the grounds here urged in the trial court's new judgment.

Judgment affirmed.

HOUSER, C., concurs.

HIGGINS, C., not sitting.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the Judges concur.

