**Richard F. HERRING, Appellant,**

**v.**

**SAFEWAY STORES, INC. and the Travelers Insurance Company, Defendants-Respondents.**

**No. KCD26436.**

Missouri Court of Appeals, Kansas City District.

Sept. 4, 1973.

Hollis H. Hanover, Kansas City, Popham, Popham, Conway, Sweeny & Fremont, Kansas City, of counsel, for appellant.

Gary E. Lowe, Jack B. Robertson, Rogers, Field, Gentry, Benjamin & Robertson, Kansas City, for respondents.

Before DIXON, C. J., and PRITCHARD, and SOMERVILLE, JJ.

SOMERVILLE, Judge.

Employee's claim for compensation under The Workmen's Compensation Law was denied by the Referee, the Industrial Commission and the Circuit Court. Employee has appealed.

Employee, approximately two days per week, as part of his regular duties for employer, was required to assist in unloading milk trucks and stacking milk containers (weighing approximately sixty to sixty-five pounds) in a walk-in cooler. On June 21, 1967, while stacking milk containers at a height of about "eye level", the following, in employee's own words, occurred: " * * * as I picked it up, pulled and twisted myself to the left and threw with all my weight to get it up there, why that is when I injured my back." Stacking milk containers in the cooler at a height of eye level required more strength than stacking them at lower levels. Nevertheless, according to employee's work history, stacking containers at a height of "eye level" was a routine part of his regularly assigned duties for employer. In response to the following question, "So you were doing this in the way you ordinarily and customarily did it, weren't you?", employee answered, "Other than the fact I injured myself that particular morning." The same amount of exertion was required on prior days in stacking milk containers at "eye level" as was required on June 21, 1967. Employee did not claim, or introduce any evidence, that he was in an unstable or unbalanced lifting position, or that he slipped or fell, or that the milk container shifted or threw him off balance. Employee experienced a "sharp pain" in the "small of his back" while lifting the milk container on the occasion in question, and subsequently underwent surgery for a ruptured intervertebral disc.

The Industrial Commission, in its Final Award Denying Compensation, which was affirmed by the Circuit Court, made the following findings:

"(1) The particular maneuver in question was performed in the usual, customary and routine manner;

(2) The employee in performing the lift was in a stationary, stable and balanced lifting position;

(3) No abnormal and unusual muscular force was required in performing the lift over and above that degree of effort required in similar lifts previously performed by employee as a part of his regularly assigned duties; and,

(4) Only the resultant injury was unforeseen and unexpected."

In his brief employee states "In all candor, employee must admit that the facts found by the Industrial Commission are supported by substantial competent evidence." Employee's candid admission precludes this court from questioning the findings of fact made by the Industrial Commission. Rogers v. Sikeston Compress & Warehouse Co., 248 S.W.2d 672 (Mo.App.1952) and Williams v. S. N. Long Warehouse Company, 426 S.W.2d 725 (Mo.App.1968). Interpretation and application of the law is the sole issue falling within the perimeter of appellate review. Merriman v. Ben Gutman Truck Service, Inc., 392 S.W.2d 292 (Mo.1965), Williams v. Anderson Air Activities, 319 S.W.2d 61 (Mo.App.1958).

The sole issue on appeal can be stated with acuity: Did employee, under the facts found by the Industrial Commission, as a matter of law, sustain an accident within the menaing of Section 287.-020, subd. 2, RSMo 1959, V.A.M.S.? If the answer is affirmative, the ruptured intervertebral disc was a compensable injury and the judgment of the Circuit Court must be reversed. If the answer is negative, the ruptured intervertebral disc was not a compensable injury and the judgment of the Circuit Court must be affirmed.

Section 287.020, subd. 2, RSMo 1959, V.A.M.S., defines "accident" as "an unexpected or unforeseen event happening sud-

denly and violently, with or without human fault and producing at the time objective symptoms of an injury."

In Crow v. Missouri Implement Tractor Company, 307 S.W.2d 401 (Mo. banc 1957), a landmark case, it was held that an "abnormal strain" producing injury constitutes a compensable accident within the meaning of Section 287.020, subd. 2, RSMo 1949, V.A.M.S. (identical to Section 287.-020, subd. 2, RSMo 1959, V.A.M.S.). It is implicit in *Crow* that "abnormal strain " is equated with an unusual strain or effort not previously exerted by an employee in the routine performance of like duties assigned by the employer. In the context of *Crow,* there was no "abnormal strain" in the instant case because the employee was subjected to the same strain or effort required on numerous previous occasions to perform the same work. Of like tenor are Hall v. Mid-Continent Manufacturing Company, 366 S.W.2d 57 (Mo.App.1963), Flippin v. First National Bank of Joplin, 372 S.W.2d 273 (Mo.App.1963) and Baker v. Krey Packing Company, 398 S.W.2d 185 (Mo.App.1965).

■ It is also implicit in *Crow, Hall, Flippin* and *Baker* that Section 287.020, subd. 2, RSMo 1959, V.A.M.S., dichotomizes "accident" and "injury" into two separate and distinct entities. "Accident" alone is not an "injury" and "injury" alone is not an "accident".

Employee stakes his appeal, as to the single issue presented, on Lampkin v. Harzfeld's, 407 S.W.2d 894 (Mo.1966). In *Lampkin* the employee sought damages for personal injuries against the employer resulting from an adverse reaction to an influenza inoculation given during the course of employment. Employer's motion for summary judgment was sustained by the trial court and affirmed on appeal on the premise that the adverse reaction to the influenza inoculation constituted an accident within the purview of The Workmen's Compensation Law, thereby precluding employee from maintaining the action for personal injuries. Initially, *Lampkin* can be fairly characterized as sui generis. Moreover, it did not, expressly or by innuendo, overrule *Crow, Hall, Flippin,* or *Baker.* In fact, they were never mentioned in *Lampkin.* Employee in the instant case reads into *Lampkin* a construction of Section 287.020, subd. 2, RSMo 1959, V.A.M.S., which simply is not there, namely, "injury", regardless of how it occurs, connotes an "accident". A syllogistic analysis of *Lampkin* fails to support employee as to the single issue presented by his appeal. Employee also cites Larson, Workmen's Compensation Law as authority for his contention that an injury connotes an "accident" within the meaning of Section 287.020, subd. 2, RSMo 1959, V.A.M.S., if the injury is unexpected, regardless of how it occurred. Section 287.020, subd. 2, RSMo 1959, V.A. M.S., is so perspicuous, both in fact and by judicial construction as evidenced in *Crow, Hall, Flippin* and *Baker,* as well as in *Lampkin,* in separating and requiring both an "accident" and an "injury", that employee's resort to Larson, Workmen's Compensation Law, as authority is unavailing.

To find for employee would be tantamount to judicially pronouncing that injury itself connotes an accident regardless of how the injury occurred. Judicial pronouncements lose public deference when they emanate from nothing more than sophistry or prestidigitation, and particularly so when they fly in the face of clear pronouncements of legislative intent and prior well reasoned judicial decisions construing such legislative intent.

The Referee, Industrial Commission and Circuit Court did not err in finding, as a matter of law, that employee did not sustain an accident within the meaning of Section 287.020, subd. 2, RSMo 1959, V.A. M.S.

The judgment of the Circuit Court affirming the Industrial Commission's Award Denying Compensation to employee is affirmed.

All concur.