**Harold SCHOESSEL, Plaintiff-Appellant,**

v.

**STANDARD AUTOMOTIVE COMPO-
NENTS (MISSOURI RESEARCH)
et al., Defendant-Respondent.**

**No. 35968.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

July 13, 1976.

Harry J. Nichols, St. Louis, for plaintiff-appellant.

Edward Vokoun, St. Louis, for defendant-respondent.

DOWD, Judge.

This is an appeal by employee Harold Schoessel in a workmen's compensation proceeding from a judgment of the Circuit Court of St. Louis County which affirmed the final award of the Labor and Industrial Relations Commission of Missouri (hereinafter called Commission) denying compensation for an injury to the right elbow. The Commission reversed the decision of the referee who had found the injury was caused as a result of an accident. We affirm.

■ The sole issue here is whether the employee sustained an accident as a matter of law. The Commission found the incident allegedly causing the injury was not an accident as defined by § 287.020(2) RSMo 1969 and as interpreted by our courts because there was no abnormal or unusual strain at the time of the occurrence. This is a case in which the claimant's testimony is undisputed and constitutes the only evidence relevant to the incident in question. There is no question of conflict, credibility or weight of the evidence. Thus whether the finding of the Commission was correct becomes a matter of law, and we are not bound by its result. *Merriman v. Ben Gutman Truck Service, Inc.,* 392 S.W.2d 292, 297[9] (Mo.1965), *McLain v. Yellow Cab Co.,* 439 S.W.2d 200, 202[4] (Mo.App.1969). We may review the whole record to see if the Commission correctly interpreted the law. *Baker v. Krey Packing Co.,* 398 S.W.2d 185, 187[2] (Mo.App.1965). We hold that it did.

The facts show that on August 3, 1970, the employee was employed testing alternators. He tested from 100–400 alternators per day. He would lean over an assembly line bench with his heels off the floor and bend forward to grasp alternators weighing 8–13 pounds that moved along a conveyor belt above the bench. In the performance of his duties on the assembly line it was customary that he worked in an off-balance position. He would normally grasp two alternators at a time by the pulley end in order to pull them towards himself and test them. This grasping would cause the alternators to rotate one way or the other depending on which end was the heaviest. Whenever he picked up the alternators by the pulley end they would turn to a certain degree. Then, he would pull them towards himself, and twist them over to inspect the opposite side. He spent about 2 or 3 hours a day turning over alternators and pulling them towards himself. On this particular occasion, the alternator "turned over" a little further, so he had to turn it back in the reverse direction. At this point he felt a sharp pain in his right elbow. He continued to work and reported the incident to the foreman a week later. On cross examination he testified that this was not the first time an alternator had turned so far over but that it had happened on the average of a dozen times a week in the eleven months since he had been working there. The only thing unusual on the particular occasion was the onset of pain. Employee testified that the weight of the particular alternator, the position of his body, and the motion of pulling the alternator toward himself were all according to his usual customs.

■ Under these facts, the Commission correctly concluded that there was no injury due to "accident" under the provisions of the Missouri Workmen's Compensation Act. Ever since the landmark case of *Crow v. Missouri Implement Tractor Company,* 307 S.W.2d 401, 405[1] (Mo.banc 1957), which eliminated the "slip or fall" requirement in accident cases, it has become clear that an employee must at least prove he suffered unusual and abnormal strain before he can receive compensation for an "accident." A long line of cases attests to this fact. *Davies v. Carter Carburetor,* 429 S.W.2d 738, 746[4] (Mo.1968), *Harryman v. L–N Buick-Pontiac, Inc.,* 402 S.W.2d 828, 831[5] (Mo. App.1966), *Roux v. Dugal's Big Star Food Store,* 510 S.W.2d 810, 812[4] (Mo. App.1974).[1] "Performance of any man-

1. See generally 1A A. Larson, The Law of Workmen's Compensation §§ 38.20–38.30 (1973), and Carroll, *Present Concept of Accident Under Missouri Workmen's Compensation*

ual task is accompanied by a certain degree of straining the muscles . . . . Injuries produced by strains which are normal for the job to be performed in a customary fashion are not compensable although the amount of straining may be great or would be considered abnormal in other classes of employment . . . ." *McClain v. Yellow Cab Company*, supra at 203[9].

■ It is immaterial that the medical experts here disagreed over whether the employee's repetitive arm motions during work were the medical cause of his elbow strain. Even if we believe appellant's expert who testified that the occurrence on August 3 was the medical cause of tendonitis in the right elbow area, the fact remains that such injury was not due to unusual or abnormal strain. Appellant testified that he was following his normal routine in his normal stance and position and that he customarily worked in an off-balance position. The only thing unique on this particular occasion was the onset of pain. Thus this case can be readily distinguished from the recent case by this court of *Lindquist v. Container Corp. of America*, 537 S.W.2d 676 (1976). There, in a well-reasoned opinion written by Judge Stewart, this court held that the employee suffered a compensable accident when he performed his lifting job, not in his usual manner but by placing himself in an awkward position and lifting hurriedly.

■ Employee contends that because his injury was sudden, violent and unforeseen, it falls within the statutory definition of "accident" as set out in Section 287.020(2) which reads in part, "accident . . . shall . . . mean an unexpected or unforeseen event happening suddenly or violently . . . ." He relies on *Lampkin v. Harzfeld's*, 407 S.W.2d 894 (Mo.1966) as authority for this contention. His reliance on *Lampkin* is misplaced. *Lampkin* held that an adverse reaction to an influenza innoculation constituted a compensable accident.

A similar argument was presented and rejected in the recent case of *Herring v. Safeway Stores, Inc.*, 499 S.W.2d 538 (Mo.App. 1973), at 540[3] which also distinguished *Lampkin*. *Herring* was a lifting case where there was also held to have been no accident. It is the accident which must be "sudden, violent, and unforeseen," not the injury. *Bauer v. Independent Stave Co.*, 417 S.W.2d 693, 696[3, 4] (Mo.App.1967), *Tines v. Brown Shoe Co.*, 290 S.W.2d 200, 201–202[1] (Mo.App.1956).

■ Appellant briefly mentions an alternative theory of occupational disease. Suffice it to say that he made no such claim before the Commission and is therefore foreclosed from raising it on appeal. *Bryant v. Montgomery Ward & Co.*, 416 S.W.2d 195, 200–201[9] (Mo.App.1967).

■ Here we have a situation where the employee was engaged in his normal work, using the same method he had often used, without any variance of his routine. The only thing unusual was the onset of pain. It has long been the rule that pain alone without any unexpected or unforeseen event is not an accident within the meaning the Missouri Workmen's Compensation Act. *Keller v. Bechtel, McCone, Parsons Corp.*, 174 S.W.2d 925, 927[4] (Mo.App.1943). The judgment is affirmed.

CLEMENS, P. J., and STEWART, J., concur.

*Law*, 21 J.Mo.Bar 208 (1965). For an excellent analysis of the present law of workmen's compensation in Missouri see Domrese & Graham,

*Workmen's Compensation in Missouri*, 19 St.L. U.L.J. 1 (1974).