**Steve PRINCIPE, Plaintiff-Appellant,**

v.

**The GREAT ATLANTIC & PACIFIC TEA COMPANY, Defendant-Respondent.**

**No. WD 31869.**

Missouri Court of Appeals, Western District.

June 16, 1981.

Robert L. Shirkey, Kansas City, for plaintiff-appellant.

Fred Bellemere, Jr., Kansas City, for defendant-respondent.

Before KENNEDY, P. J., WASSERSTROM, C. J., and SHANGLER, J.

WASSERSTROM, Chief Judge.

A claim by Steve Principe for workmen's compensation was denied by the Administrative Law Judge. That denial was affirmed in turn by the Industrial Relations Commission and by the Circuit Court. Principe now appeals here. The sole issue is whether he suffered an "accident" within the meaning of Section 287.020(2), RSMo 1978.

On July 26, 1976, plaintiff was on duty as a meat cutter along with one fellow meat cutter at the employer's store in Gladstone, Missouri. A delivery truck brought in a load of meat. The other meat cutter was busy, and Principe proceeded to unload the truck by himself. When he got about halfway through the unloading process, he lifted a box of beef chuck which weighed approximately 100 pounds off the skid and as he was turning to place it on a rack, he felt a severe pain in his back.

Principe admits that there was no slip, fall, twist or similar special occurrence on that occasion. He nevertheless contends that this constitutes an unusual and abnormal strain which amounts to an accident within the ruling of *Crow v. Missouri Implement Tractor Company*, 307 S.W.2d 401 (Mo. banc 1957).

The law is well-settled that the *Crow* doctrine is inapplicable if the strain in question was normal to the job and the action by the employee was performed in a customary fashion. *Gold v. Sharp, Kidde, Webb*, 564 S.W.2d 612 (Mo.App.1978); *Langendoerfer v. Hazel*, 576 S.W.2d 553 (Mo. App.1978); *Herring v. Safeway Stores, Inc.*, 499 S.W.2d 538 (Mo.App.1973). The facts as to what the general practice was with respect to unloading meat trucks rested wholly on testimony of Principe, who was the only witness in that respect. His testimony showed that the procedure for unloading a truck depended on the number of people available in the meat department at the moment. It was usual and customary for two persons to unload the truck if sufficient help was available, but when only two meat cutters were working and one was occupied with grinding meat and filling the counter for customers, it was a part of the other person's duty to unload the truck without assistance.

Principe's testimony on cross-examination made it explicitly clear that unloading by just one meat cutter was a customary thing:

"Q What I'm asking you, Mr. Principe, if it is not the usual and customary thing for a butcher who carries his own weight—

A Uh-huh.

Q —to singly pick up a case of chuck as you were doing that day?

A Yes, sir.

Q There is nothing unusual about that, is there?

A No, nothing unusual.

Q And that's part of your duties if you're a meat cutter?

A That's correct."

Although Principe retreated somewhat from that testimony on redirect, he proceeded to generally reiterate on re-cross examination what he had said above on cross-examination.

Based upon the foregoing testimony, the Administrative Law Judge found as follows:

"The principal question to resolve is whether claimant sustained an 'accident' on July 26, 1976. Claimant was a meat cutter, whose duties entailed the obvious as well as the unloading of meats from certain delivery trucks. At times, the unloading process was accomplished by more than one meat cutter. Other times, while one meat cutter filled the cases for the customers, another was left to the process of unloading the delivery truck. Claimant admitted that while it was better upon the personnel to have more than one unload a truck, he had nonetheless unloaded several trucks without any assistance. He further related that on July 26, 1976 he, alone, was unloading a truck when his back began to hurt. He did not slip or twist himself, nor was he in an awkward position. While it was no doubt strenuous work, nothing that he did on July 26, 1976 sets it apart from any other prior effort he expended in unloading a truck. It was customary for one man to do this work if no others were available.

"Claimant had picked up a case of chuck from a skid to place into a cooler when his back 'went out.' He opined it was caused by the weight of the box alone, which he earlier had estimated to weigh from 98 to 110 pounds. Although two or more normally unloaded a delivery truck, it was not uncommon for one man to do so, and that is precisely what the claimant was doing when his back 'went out.'"

That finding, which was affirmed by the Commission, was fully supported by the evidence, and that finding leads inexorably to the conclusion that Principe did not suffer an accident on July 26, 1976, within legal contemplation. The cases cited by Principe have been examined, and each is factually distinguishable from the present situation.

Affirmed.

All concur.