Bruce L. MILLS, Appellant,

v.

FIRST NATIONAL BANK OF MEXICO and Brad Brett, Respondents,

and

Louis NORDEN and Helen Norden, Respondents,

v.

Bruce L. MILLS, Appellant.

No. 49041.

Missouri Court of Appeals, Eastern District, Division One.

July 23, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 16, 1985.

Application to Transfer Denied Oct. 16, 1985.

Frederick Joseph Delong, Jefferson City, for appellant.

Bradford A. Brett, Mexico, for respondents.

KAROHL, Judge.

This is the second time these parties have been before this court on appeal. The facts of the underlying wrongful foreclosure are set forth in *Mills v. 1st National Bank of Mexico*, 661 S.W.2d 808 (Mo. App.1983). (*Mills I*). We remanded the case in *Mills I* with directions to

> enter an order allowing Mills a reasonable time, not less than ninety days, to redeem the property upon payment of all installments of principal and interest due to date of redemption with interest of 8% on each installment from the date each such installment was to be paid; make reimbursement of all taxes and insurance premiums that have been paid on the property and arrange to insure the property after the date of redemption.

Upon compliance with this order of the trial court by Mills, the sale and trustee's deed shall be declared null and void and judgment entered accordingly. If the said order is not complied with the trial court shall reinstate the judgment from which Mills has appealed.

661 S.W.2d at 813. On remand the trial court gave Mills until September 28, 1984 (ninety-nine days) to make redemption to the bank and the Nordens (purchasers at the trustee's sale) in the amount of $27,-929.08. The order indicated that if Mills made a redemption consistent with the order that the court would then enter a judgment assessing damages, if any, for loss of farm profits.[1] On November 21, 1984, the trial court found that Mills had failed to make redemption and reinstated the original decree in favor of the bank and the Nordens.

Appellant's sole point on appeal is that it was unfair to premise the damage award on the ability to make redemption. Appellant maintains that the redemption judgment should have been offset by the damage award. He argues that had this been done he would have been able to redeem because the sum due would have been substantially smaller. We note first that this argument is pure speculation on his part because the amount of damages has never been judicially determined. The sum of $27,929.08 accrued as unpaid payments during the pendency of the dispute. Appellant could have set aside payments which would have become due under the note had the foreclosure and lawsuit not occurred. If appellant had done so these sums would have been available to make the payment as required by our original mandate.

On remand the trial court did exactly what we directed. If appellant disagreed with the opinion in *Mills I* which conditioned damages upon prior redemption he could have raised the issue in a motion

---

1. In that connection we note that Mills remained on the property after the foreclosure sale. There was a companion case not directly relevant to this appeal in which the purchasers at the trustee's sale sued Mills for rent.

for rehearing and transfer. He did not do so. *See Missouri Public Service Co. v. Platte-Clay Electric Cooperative, Inc.*, 435 S.W.2d 350, 354 (Mo.1968); *Byrd v. Brown*, 641 S.W.2d 163, 168 (Mo.App.1982).

■ This case involves two counts associated with one claim and not a claim and crossclaim. Count I of the petition for wrongful foreclosure was to set aside the foreclosure together with the expenses of suit. Count II was for damages for wrongful foreclosure. The law is clear that judgments concerning claims and cross-claims are generally offset and there is only one final judgment for the balance owed the party with the larger judgment. *Riddle v. Dean Machinery Co.*, 564 S.W.2d 238, 259 (Mo.App.1978). Our research reveals no cases concerning a similar rule for multiple counts in one action.

■ On remand the actions of the trial court must conform with the mandate. The trial court may not modify, alter, amend or depart from the appellate court opinion. *Morrison v. Caspersen*, 339 S.W.2d 790, 792 (Mo.1960). Here we directed the trial court to condition the damage award on Mills' redemption.[2] We said in *Mills I*, "upon compliance with this order of the trial court by Mills, the sale and trustee's deed shall be declared null and void and judgment entered accordingly." 661 S.W.2d at 813. The damage judgment was conditional and that condition was not met; hence there was no judgment or damages to offset against the sums due under the note. *See Lancaster v. Simmons*, 621 S.W.2d 935 (Mo.App.1981). In re-entering the original judgment the court did only what we mandated.

We find no error in the trial court order reinstating the original judgment. We affirm.

PUDLOWSKI, P.J., and CARL R. GAERTNER, J., concur.

2. Under the circumstances there would be no

damages unless plaintiff redeemed the property.