**Cornelius JONES, Plaintiff-Appellant,**

v.

**CONCORDIA PUBLISHING HOUSE, Defendant-Respondent.**

**No. 50320.**

Missouri Court of Appeals, Eastern District, Division One.

June 24, 1986.

Harry J. Nichols, St. Louis, for plaintiff-appellant.

Robert R. Schwarz, Clayton, for defendant-respondent.

CARL R. GAERTNER, Presiding Judge.

Cornelius Jones appeals from the denial of his claim for workers' compensation based upon injuries he allegedly sustained in an industrial accident on April 5, 1983. He testified that while working on that date he fell and sustained injuries to his neck and back. He admitted that two months earlier, on February 2, 1983, he had been injured in an automobile accident but claimed he had recovered from these injuries by the time he returned to work on March 14, 1983. After the automobile accident Jones was treated by Dr. Spezia. Dr. Spezia testified that he treated Jones regularly after the February 2, 1983 accident including treatments on April 1, 1983, four days before the alleged industrial accident, and on April 27, 1983. On the dates of these two treatments, Jones' condition was unchanged. He continued to have the same muscle spasm and limitation of motion in his neck and back. The doctor attributed all of Jones' injuries to the automobile accident. Significantly, Jones did not see fit to tell Dr. Spezia about the April 5, 1983 accident. Jones settled his personal injury claim arising out of the automobile accident on August 3, 1983 for $5,500.00.

Dr. William Luebbert testified on behalf of Jones. On direct examination he attributed Jones' disability to the industrial accident of April 5, 1983. On cross-examination Dr. Luebbert conceded that the symptoms described by Dr. Spezia both before and after April 5, 1983 were "synonymous" with his own findings. He testified his opinion about causation was based upon the patient's history as given to him by Jones which was different than that reflected by Dr. Spezia's records. Further, Dr. Luebbert admitted that if Jones had the same complaints and symptoms before April 5, 1983, he could not attribute his present disability to an accident of that date.

The records of Dr. Mannis, who treated Jones after the April 5, 1983 incident, were admitted into evidence. Dr. Mannis indicated that, after reviewing Dr. Spezia's records, it was impossible with any degree of medical certainty to determine which of the two incidents caused Jones' present condition.

The administrative law judge held that Jones had failed to establish that his claimed disability was causally connected to a work-related incident and denied compensation.[1] On review, the Labor and Industrial Relations Commission affirmed.

On appeal Jones argues that the facts found by the Commission do not support the ruling denying any compensation. On review we must determine if the award is supported by substantial evidence, viewing the evidence and the inferences arising therefrom in the light most favorable to the award and setting aside the award only if the findings of the Commission are clearly contrary to the overwhelming weight of the evidence. *Chilton v. General Motors Parts Division*, 643 S.W.2d 304, 305 (Mo. App.1982).

From the evidence set forth above it is clear that the medical testimony supports the finding that Jones failed to prove his disability was caused by the accident of April 5, 1983. Jones concedes in his brief the "evidence is perhaps unclear and con-

1. The judge did find that Jones had an accident on the job, and the employer has never countered this fact.

flicting with regard to which accident was primarily responsible for claimant's condition," but argues that at least the medical expenses directly related to the April 5 accident must be allowed. This argument overlooks Jones' own testimony that he was furnished medical care by the employer-insurer until September 20, 1983. From this testimony plus the fact that no evidence was adduced regarding unpaid medical expenses arising before that date, we infer that no such expense remains unpaid. Moreover, this contention regarding expenses was not asserted before the Commission and Jones is therefore foreclosed from raising the issue for the first time on appeal. *Schoessel v. Standard Auto Components, etc.,* 539 S.W.2d 708, 710 (Mo.App. 1976).

Affirmed.

SMITH and SNYDER, JJ., concur.