**LAKE TISHOMINGO PROPERTY OWNERS ASSOC.,**
**Plaintiff-Respondent,**

v.

**John JOHNSON et al.,**
**Defendants-Appellants.**

**No. 51382.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 25, 1986.

Motion for Rehearing and/or Transfer Denied Jan. 6, 1987.

Application to Transfer Denied Feb. 17, 1987.

Albert G. Beyer, St. Louis, for defendants-appellants.

Dennis H. Tesreau, Hillsboro, for plaintiff-respondent.

SMITH, Presiding Judge.

Defendants appeal from an order of the trial court denying their motion to quash general execution and garnishment. We affirm.

This case is a by-product of *Lake Tishomingo Property Owners Association v. Cronin*, 679 S.W.2d 852 (Mo. banc 1984). Following remand of that case, plaintiff obtained an order of execution and garnishment against the present defendants. Those orders directed execution against defendants' Lake Tishomingo lots. The orders did not provide that the execution against each lot was to be limited to the amount of the assessment attributable to that lot but rather made each of the lots owned by each of the defendants subject to the full amount of the judgment against those defendants. Defendants complaint on appeal is that the court allowed a general execution rather than a special execution in which each lot would be levied against only to the extent of the assessment attributable to that lot. Each defendant here is an owner of more than one lot levied upon.

The *Cronin* case involved an attempt by the Owners Association to recover from certain lot owners the amount of a special assessment made in order to dredge the lake—common property surrounded by individual lots. The court concluded that the attempts by courts in prior actions to amend or reform the original covenants to allow the special assessment were beyond the jurisdiction of those courts. It concluded, however, that the trial court in the action before it had the authority to enforce the voluntary assessment made and honored by the great majority of property owners. This authority rested upon the trial court's power to render equity. *Id.* [2]. The court stated its conclusion as follows:

> "Under the unique circumstances attending this case, our sense of fairness and justice compels us to enforce the clear equitable obligation *of appellants* to bear *their* share of the costs necessary for preserving the common property essential for continuation of the subdivision." (Emphasis supplied).

The Supreme Court affirmed the judgment of the trial court.

The judgment of the trial court in *Cronin* provided as against each defendant "that plaintiff have judgment on Plaintiff's petition against Defendants, (then each landowners name) ... in the amount of (amount of assessment for all lots held by that landowner) ..." Each judgment was made a special lien on all of the lots owned by the respective defendants.

As an original proposition, there is considerable merit to defendants' implicit contention that the original judgments in *Cronin* should have been directed against the lots themselves and not the individual landowners and the resulting corollary that execution against each lot should be limited to its share of the special assessment. But the judgments were not so directed. As entered and as affirmed by the Supreme Court the judgments were general and directed to the individual defendants. They were not in rem judgments binding only against the land. The special liens ordered

by the trial court in *Cronin* were directed to all lots owned by the respective landowners, and made each and every lot of that landowner subject to the entire judgment against that landowner. That judgment as affirmed by the Supreme Court is the law of the case by which both we and the trial court are bound. *Sheridan v. McBaine*, 660 S.W.2d 188 (Mo.App.1983) [1]; *Mills v. First National Bank of Mexico*, 697 S.W.2d 264 (Mo.App.1985) [1]. The executions levying against defendants' lots were proper as executions on a general money judgment and as enforcement of the special liens decreed by the trial court in *Cronin*.

Judgment affirmed.

DOWD and REINHARD, JJ., concur.